# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOE COX,

                Appellant,

        v.

DEPARTMENT OF HOMELAND
    SECURITY,

                Agency.

DOCKET NUMBER
NY-3330-13-0035-I-1

DATE: August 6, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Joe Cox</u>, Adams, New York, pro se.

<u>Christina Anne Cotter</u>, New York, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for failure to state a claim upon which relief can be granted. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as modified by this Final Order, we AFFIRM the initial decision.

## BACKGROUND

¶2     The appellant is a preference-eligible veteran with a fifty percent service-connected disability. Initial Appeal File (IAF), Tab 1 at 1, 18. In May 2011, he applied for a Criminal Investigator (CI) position with the agency's U.S. Immigration and Customs Enforcement Office (ICE) in response to a vacancy announcement posted on the USAJOBS website.[2] IAF, Tab 12 at 53, 56-62. The announcement stated that the position was open to displaced federal employees, pursuant to the Interagency Career Transition Assistance Plan, and preference-eligible veterans or veterans who had been separated under honorable conditions after 3 years or more of continuous service, pursuant to the Veterans Employment Opportunities Act of 1998 (VEOA). *Id.* at 56.

¶3     By letter dated June 3, 2011, the agency notified the appellant that it had decided to use the Veterans Recruitment Appointment (VRA) hiring authority to

---

[2] Although the appellant applied for the position almost 2 months after the closing date of the vacancy announcement, the agency accepted his application because of his status as a disabled veteran with a service-connected disability of thirty percent or more. IAF, Tab 1 at 22.

address its short-term hiring needs and, therefore, no further consideration would be given to applicants who did not meet VRA eligibility requirements by June 10, 2011. IAF, Tab 12 at 50. Because the appellant met those requirements, the agency continued to process his application under the VRA and scheduled him for the Special Agent Test Battery and Writing Sample Assessment. *Id.* at 23. The appellant received a score of 91 on the Test Battery, and, due to his compensable service-connected disability rating of thirty percent or more, 10 points were added to his score, for an adjudicated score of 101. *Id.* at 23, 27. Because he passed both the Test Battery and the Writing Sample Assessment, the appellant participated in an Oral Interview, which he also passed. *Id.* at 23.

¶4 On October 26, 2011, the agency issued a letter notifying the appellant that he had been tentatively selected for a CI position. *Id.* at 42. In the letter, the agency informed the appellant that a final offer of employment was contingent upon his timely submission of all required forms and his successful completion of all pre-employment requirements, the major components of which are a drug test, a medical examination, and a background investigation. *Id.* at 42-43. The agency informed the appellant that, after he successfully completed the pre-employment requirements, and depending on the availability of funding, the agency would contact him by telephone to offer him a duty location assignment and to arrange his entrance-on-duty. *Id.* at 43. It is the standard practice of the agency to make final offers to new selectees in the order in which they clear the pre-employment requirements. *Id.* at 24.

¶5 The agency also notified the appellant that assignments to training classes at the Federal Law Enforcement Training Center (FLETC) are made when a final offer is extended. *Id.* at 43. The selectees attend a Criminal Investigator Training Program (CITP) class of approximately twenty-four students. *Id.* at 23. Due to budgetary constraints, only two CITP classes were held between January

and September 2012—one class started on February 28, 2012, and the other on September 24, 2012. *Id.* at 24.

¶6      The appellant passed his drug test on November 10, 2011, his background investigation was completed on November 18, 2011, and he cleared his medical examination on January 6, 2012. IAF, Tab 12 at 24. By that time, approximately fifty tentatively selected applicants for the CI position had cleared the pre-employment requirements.[3] *Id.* at 33-34. The agency extended a final job offer to nineteen of those applicants, fifteen of whom accepted the offer and participated in the February 2012 CITP class.[4] *Id.* at 24, 33, 36. None of the tentatively selected applicants for the CI position participated in the September 2012 class.[5]

¶7      On August 22, 2012, the appellant filed a complaint with the Department of Labor (DOL) in which he alleged that the agency violated his veterans' preference rights when it did not include him in the February 2012 CITP class. *See* IAF, Tab 6 at 9. On November 8, 2012, DOL issued a letter notifying the appellant of its determination that the evidence did not support his allegation that the agency had violated his veterans' preference rights. *Id.* Specifically, DOL found that the agency had properly considered his veterans' preference for the VRA appointment. *Id.* DOL also found that there did not appear to be any

---

[3] Not all of the fifty tentatively selected applicants for the CI position who cleared the pre-employment requirements before the appellant had applied for the position under the same vacancy announcement. IAF, Tab 12 at 24. Some had applied under a previous vacancy announcement that had been cancelled due to the abolishment of the Federal Career Intern Program. *Id.*

[4] The other members of the class included four lateral transfers, one individual who was returning to the class after an injury, and three former Student Career Experience Program (SCEP) students. IAF, Tab 12 at 36.

[5] The September 2012 class consisted of nineteen former SCEP students, one lateral transfer, one person who was returning to the class following a medical injury, an individual who only needed to take ICE Special Agent Training, an individual who was placed into the CI position pursuant to a settlement agreement, and one person who was returning to the FLETC. IAF, Tab 19 at 7.

noncompliance with the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) (codified at 38 U.S.C. §§ 4301-4333). *Id.*

¶8 The appellant filed a Board appeal alleging that the agency violated his veterans' preference rights under VEOA by making final offers to applicants based on the order in which they cleared the pre-employment requirements, rather than on their numerical ranking. IAF, Tab 1 at 5-7, Tab 6 at 4-7, Tab 13 at 7. The appellant also alleged that the agency's actions violated USERRA because disabled veterans may be subject to lengthier medical examination periods than nondisabled individuals. IAF, Tab 1 at 3, 5, 7, Tab 5. He did not request a hearing. IAF, Tab 1 at 2.

¶9 The administrative judge issued orders advising the appellant of the requirements for establishing Board jurisdiction over an appeal under VEOA and USERRA. IAF, Tabs 3, 4. Both parties filed responses to the orders. IAF, Tabs 5, 6, 12. In its response, the agency moved to dismiss the appellant's appeal for lack of jurisdiction. IAF, Tab 12 at 13, 16-17.

¶10 Based on the parties' submissions, the administrative judge issued an initial decision that dismissed the appeal for failure to state a claim upon which relief may be granted. IAF, Tab 20, Initial Decision (ID) at 2, 10. Regarding the appellant's VEOA claim, the administrative judge found that the Board has jurisdiction over the claim; however, there is no statute or regulation relating to veterans' preference that the agency violated under the circumstances presented here. ID at 8. The administrative judge found that "the appellant's disagreement with the agency's policy of placing a selectee on a list after those who have cleared their pre-employment requirements before he did, [does not] raise any issue concerning veterans' preference." ID at 8.

¶11 The administrative judge also dismissed the appellant's USERRA claim, noting that the Board has held that disparate impact claims are not cognizable under USERRA. ID at 10 n.10 (citing *Harellson v. U.S. Postal Service*, 115 M.S.P.R. 378, ¶ 15 (2011)). The administrative judge found that the

appellant did not allege that the contested action was based on improper motive. ID at 10 n.10. The administrative judge also found that the appellant's USERRA claim was duplicative of his VEOA claim. ID at 10 n.10.

¶12    The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the petition for review. PFR File, Tab 3. The appellant has filed a reply to the agency's response. PFR File, Tab 4. The agency has filed a surreply to the appellant's reply.[6] PFR File, Tab 13.

## ANALYSIS

### The initial decision is consistent with required procedures.

¶13    On review the appellant argues that the initial decision is not consistent with required procedures because he was not given an opportunity to expand the written record after the administrative judge determined that the Board has jurisdiction over this appeal. PFR File, Tab 1 at 5-6. In support of this argument, the appellant notes that the administrative judge stated in her jurisdictional order that, if the appellant did not request a hearing, he would be given an opportunity to further develop the written record with respect to his VEOA claim. *Id.* at 5; IAF, Tab 3 at 8. The appellant asserts that, although he did not request a hearing, he was not given an opportunity to further develop the written record with respect to his VEOA claim in violation of the jurisdictional

---

[6] The appellant has filed an objection to the agency's surreply, requesting that the Board strike the agency's surreply from the record on the grounds that the surreply does not comply with the Board's order directing the agency to limit its surreply to an explanation as to why the case cited in the appellant's reply to the agency's response to the petition for review, *Graves v. Department of Veterans Affairs*, [114 M.S.P.R. 245](#) (2010), is not applicable to this appeal. PFR File, Tabs 11, 14. In support of his request, the appellant asserts that, in addition to offering historical information and a summary of the agency's version of the information the appellant submitted below, the agency's surreply also includes a statement by the agency as to how it would like the case adjudicated. PFR File, Tab 14. We find, however, that the agency's surreply complies with the Board's order. Therefore, we DENY the appellant's request to strike the surreply.

order. PFR File, Tab 1 at 5-6. He contends that, if he had been given the opportunity to expand the written record after the administrative judge determined that the Board has jurisdiction over this appeal, then the administrative judge's ruling would have been different, as he would have focused more heavily on the particular details of the VEOA violations. *Id.*

¶14    We find this argument unpersuasive. As the administrative judge explained in the initial decision, an appeal that is within the Board's jurisdiction can nevertheless be dismissed for failure to state a claim upon which relief can be granted if the appellant cannot obtain effective relief before the Board even if his allegations are accepted as true. ID at 8 (citing *Simpkins v. Department of Labor*, 107 M.S.P.R. 651, 658 (2008)). Thus, by dismissing this appeal for failure to state a claim upon which relief can be granted, the administrative judge determined that, even if the appellant's allegations were true, he could not prevail as a matter of law. *See Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 8 (2008) (dismissal for failure to state a claim is appropriate if, taking the appellant's allegations as true and drawing all reasonable inferences in his favor, he could not prevail as a matter of law). Given the administrative judge's determination that the appellant cannot prevail as a matter of law even if all of his allegations were true, expanding the written record with respect to his VEOA claim would have been an empty exercise for the appellant. Therefore, even if the administrative judge erred by issuing the initial decision without allowing the appellant an opportunity to expand the record, any such error is harmless, as it would not have affected the result in this appeal. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

<u>The appellant failed to show that the agency violated his veterans' preference rights.</u>

¶15     On review, the appellant reasserts his argument below that the agency violated 5 C.F.R. part 302 by making final offers to applicants for the CI position based on the order in which they completed the pre-employment requirements, rather than on their numerical ranking.  PFR File, Tab 1 at 8-12; IAF, Tab 1 at 5-7; Tab 6 at 4-7, Tab 7, Tab 13 at 7, Tab 18.  In particular, the appellant alleges that the agency violated the following regulations:  (1) 5 C.F.R. § 302.304(b), which specifies the order in which an agency shall consider candidates for excepted service positions; and (2) 5 C.F.R. § 302.401, which governs the selection and appointment of candidates for excepted service positions.[7]  PFR File, Tab 1 at 11.

¶16     Under 5 C.F.R. § 302.304(b), "an agency shall consider applicants on the . . . regular employment list who have been assigned eligible ratings for a given position in Order A, Order B, or Order C."  Order A requires the agency to first consider "the name of each qualified preference eligible who has a compensable, service-connected disability of 10 percent or more and is entitled to a 10-point preference . . . in the order of his/her numerical ranking." 5 C.F.R. § 302.304(b)(1).   Title 5 C.F.R. § 302.401 provides that, when making an appointment from a list on which candidates have received numerical scores, an agency must make its selection for each vacancy from not more than the highest three names available for appointment in the order provided in 5 C.F.R. § 302.304.

---

[7] In the initial decision, the administrative judge rejected the appellant's claim that the agency violated 5 C.F.R. § 302.201, which provides that, when numerical scores are used in the evaluation and referral of candidates, an agency must add 10 points to the score of preference-eligibles with a disability rating of thirty percent or more. *See* ID at 8 (citing IAF, Tabs 7 and 18).  The administrative judge found that the agency complied with this regulation when it added 10 points to the appellant's Special Agent Test Battery score.  ID at 8.  The appellant does not challenge this finding on review, and we discern no reason to disturb it.

¶17      On review the appellant reiterates his argument below that, pursuant to 5 C.F.R. §§ 302.304 and 302.401, the order of names on the list of tentatively selected applicants awaiting a final offer for the CI position should have been based on the applicants' numerical ranking rather than the order in which the applicants completed the pre-employment requirements.  PFR File, Tab 1 at 11-12; IAF, Tab 6 at 5-6, Tab 7 at 4, Tab 13 at 7, Tab 18.  He alleges that, as a result of the agency's failure to comply with 5 C.F.R. §§ 302.304(b) and 302.401, he was not offered a slot in the February 2012 CITP class despite having a higher numerical ranking than all but one of the nineteen tentatively selected applicants who received such an offer.  PFR File, Tab 1 at 10-11; IAF, Tab 6 at 7.  The appellant contends that he thus was passed over for appointment as a CI in February 2012, in violation of his veterans' preference rights.  PFR File, Tab 1 at 8.

¶18      The administrative judge rejected this argument in the initial decision, finding that, because the agency tentatively selected all of the applicants who were entitled to a 10-point preference and who passed the Special Agent Test Battery, Writing Assessment, and Oral Interview, none of these applicants, including the appellant, were passed over.  ID at 10.  The administrative judge further found that, once the agency selected the appellant from the applicant list, it fulfilled its obligations under the regulations governing veterans' preference.  ID at 10.  Accordingly, the administrative judge rejected as unpersuasive the appellant's argument that the agency violated 5 C.F.R. § 302.304(b) by placing his name on a list behind other selectees who were also waiting to take the CITP class and had already cleared the pre-employment requirements.  ID at 9.  Regarding the appellant's argument that the agency violated 5 C.F.R. § 302.401 by not offering him a slot in the February 2012 CITP class, the administrative judge noted that 5 C.F.R. § 302.401 only provides for initial selections from a list of applicants and does not govern entrance-on-duty dates of selectees who

come from multiple lists of eligibles based on separate agency announcements. ID at 10.

¶19   On review, the appellant challenges the administrative judge's finding that the agency fulfilled its obligations under the regulations governing veterans' preference once it selected him from the applicant list. PFR File, Tab 1 at 10. In particular, the appellant alleges that the administrative judge erroneously concluded that a tentative selection is synonymous with consideration and selection for appointment under 5 C.F.R. §§ 302.304(b) and 302.401. *Id.* The appellant argues that a tentative selection does not satisfy the requirements of 5 C.F.R. §§ 302.304(b) or 302.401 because an applicant is not eligible for selection until he completes all of the pre-employment requirements. *Id.* at 6. Even then, the appellant asserts, an applicant might not "receive a selection or appointment because selections, [also known as] appointments or entrance on duty, are based additionally on funding." *Id.* at 7. He contends that, as of the time that he cleared the pre-employment requirements, he was an applicant "waiting on selection" rather than a selectee. *Id.* at 10.

¶20   The appellant further asserts on review that in *Graves* the Board "recognized and ruled on the difference between selection and tentative selection," and found, "contrary [to] the Administrative Judge's interpretation of the law," that an agency does not satisfy its obligations regarding veterans' preference by "merely tentatively selecting" an applicant. PFR File, Tab 4 at 5-7. The appellant in *Graves*, a 10-point preference-eligible, filed a VEOA appeal alleging that the agency violated his veterans' preference rights by selecting a nonpreference-eligible for a Medical Records Technician/Coder (MRT) position instead of him. *Graves*, 114 M.S.P.R. 245, ¶¶ 2, 13. The administrative judge denied the appellant's request for corrective action, finding that, before receiving the appellant's application on January 30, 2009, the agency had already identified a selectee for the MRT position. *Id.*, ¶ 5. In making this finding, the administrative judge credited the agency's Lead Human Resources

Specialist's (LHRS) testimony that she believed the selectee was "tentatively selected" in November or December 2008.  *Id.*, ¶¶ 15-16.  On review, however, the Board found that the LHRS's testimony regarding the timing of the selection was "of little value," inasmuch as she also testified that "she had no involvement in [the] selection."  The Board further found that "even if the cited testimony were credible, a 'tentative selection' is insufficient to preempt the appellant's veterans' preference rights; a selection is not operative until it is official."  *Id.*, ¶ 17.  The Board found that the agency did not officially complete its selection until February 19, 2009, and, accordingly, the appellant's January 30, 2009 application was pending before the agency at the same time as the selectee's application.  *Id.*  The Board found that the agency, which did not consider the appellant's application, violated the appellant's veterans' preference rights in selecting another person for the position.  *Id.*, ¶¶ 18-21.

¶21    Relying on the Board's statement in *Graves* that a tentative selection is not operative until it is official, the appellant argues on review that, because the agency's October 26, 2011 letter described his selection for the CI position as tentative, his selection was insufficient to satisfy the agency's obligations under the regulations governing veterans' preference.  PFR File, Tab 4 at 6.  The appellant's reliance on *Graves* is misplaced, however, as the tentative selection in *Graves* is not similar to the selection at issue in the instant appeal.  Specifically, the tentative selection in *Graves* was not documented, whereas the appellant's selection was documented in the agency's October 26, 2009 letter notifying the appellant of his selection.  *See* IAF, Tab 12 at 42-44.  Further, as the agency explained in the letter, the appellant's selection was tentative only insofar as the appellant's appointment was contingent upon his timely submission of the required forms and successful completion of the pre-appointment requirements, as well as the availability of funding.  *Id.*  Therefore, when using the term "tentative selection" in *Graves*, the Board was referring to an undocumented selection, not a documented selection that was

contingent upon the selectee's successful completion of the pre-employment requirements and the availability of funding.

¶22 Moreover, *Graves* actually undercuts the appellant's argument on review that selection is synonymous with appointment and entrance-on-duty. *See* PFR File, Tab 1 at 7. As noted above, the Board in *Graves* found that the agency "officially" made its selection on February 19, 2009. *Graves*, [114 M.S.P.R. 245](#), ¶ 17. The Board also found, however, that "the [documentary evidence] shows that . . . no actions to complete the appointment process (physical, contact of employer, etc.) were taken until March 2009, and that the 'confirmed entry on duty date' was May 26, 2009." *Id.*, ¶ 14. In fact, the official selection occurred even before the selecting official issued a memorandum requesting permission to hire a qualified Coder. *Id.* In light of the Board's finding in *Graves* that the agency made an official selection for the MRT position well before the selectee's appointment or entrance-on-duty, *Graves* does not support the appellant's contention on review that he was never selected for the CI position because he has not been appointed or provided an entrance-on-duty date. *See* PFR File, Tab 1 at 6-7. Therefore, we find unavailing the appellant's argument that, because he has not yet entered on duty, the administrative judge erred in concluding that the appellant was selected for the position. *Id.*

¶23 In sum, we find unpersuasive the appellant's argument that the administrative judge erroneously determined that he had been selected for the CI position. The appellant was awarded a 10-point preference and selected for the CI position. His selection was documented in the agency's October 26, 2011 letter, which explained that a final offer of employment for the CI position was contingent upon his successful completion of the pre-employment requirements. IAF, Tab 12 at 43. Thus, contrary to the appellant's argument on review, once he cleared the pre-employment requirements, he was not an applicant "waiting on selection;" rather, he was an applicant who had been selected for the position and was waiting for the extension of a final appointment offer, at which time the

agency would provide him with an entrance-on-duty date. *See* PFR File, Tab 1 at 10; IAF, Tab 12 at 43. While the agency's policy of appointing new selectees in the order in which they complete the pre-employment requirements, rather than their numerical ranking, undoubtedly delayed the appellant's entrance-on-duty date, veterans' preference laws do not govern delays in entrance-on-duty dates. Consequently, we find no basis for disturbing the administrative judge's finding that the agency fulfilled its obligations under the regulations governing veterans' preference once it selected him from the applicant list.

The administrative judge properly dismissed the appellant's USERRA claim.

¶24    On review the appellant also reiterates his assertion that the agency's method of "determining the order to select, or appoint applicants . . . disproportionately negatively affects disabled Veterans, because they are almost certain to take longer in the physical portion of the tentative selection process due to additional medical clearances that the agency requires for 10 point Vets." PFR File, Tab 1 at 11-12. To the extent that the appellant is reasserting his argument below that the agency's pre-employment criteria violated USERRA because disabled veterans may be subject to lengthier medical examinations, we find this argument unavailing. As noted above, in the initial decision the administrative judge explained that, under Board precedent, disparate impact claims are not cognizable under USERRA because intent is a required element of proof to establish discrimination under that statute. ID at 10 n.10 (citing *Harellson*, 115 M.S.P.R. 378, ¶ 15). We agree with the administrative judge that the appellant did not even allege, let alone prove, that the contested agency action was based on an improper motive. *Id.* Thus, the administrative judge properly dismissed the appellant's USERRA claim.

The appropriate disposition of this appeal is to deny the appellant's request for relief.

¶25    Although the administrative judge properly found that the appellant failed to show that the agency violated his rights under VEOA, because the

administrative judge relied on documentary evidence submitted by both the appellant and the agency, it was inappropriate to dismiss the appeal for failure to state a claim upon which relief can be granted.  *See Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶ 9 n.* (2007).  Dismissal for failure to state a claim is appropriate only if, taking the appellant's allegations as true without reference to the agency's submissions and drawing all reasonable inferences in his favor, he cannot prevail as a matter of law.  *Id.*  Disposing of a claim in favor of a defending party, without an evidentiary hearing, and based on submissions beyond the claimant's allegations is not dismissal for failing to state a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(d).  We therefore deny the appellant's request for relief.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.